

**Douglas B. Moylan**
**Attorney General of Guam**
Office of the Attorney General
590 S. Marine Corps Drive
ITC Building, Suite 801
Tamuning, Guam 96913 • USA
671-475-3406 • 671-475-3390 (fax)
efile@oagguam.org • www.oagguam.org

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM and DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam, <br><br> Plaintiffs, <br><br> vs. <br><br> LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam and the GUAM HOUSING AND URBAN RENEWAL AUTHORITY, A Public Body Corporate and Politic, <br><br> Defendants. | Civil Action No. _____ <br><br><br> **VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMES NOW** Plaintiffs Government of Guam and the Attorney General of Guam, Doulas B. Moylan, (hereinafter "Attorney General") and sues Defendants, Governor of Guam Lourdes A. Leon Guerrero (hereinafter "Governor") and the Guam Housing and Urban Renewal Authority ("GHURA"), a Public Body Corporate and Politic, and says:

## JURISDICTION

1.　　There is now existing between the Plaintiffs and the Defendants and her successors in office an actual justiciable controversy in respect to which Plaintiffs needs injunctive relief as well as a declaration of rights by this court regarding the Governor's execution of, implementation of, and compliance with, the laws of the United States and of Guam, including, but not limited to, the Organic Act, 48 U.S.C.A. Ch. 8A, §§ 1421, et. seq., (hereinafter "Organic Act") as well as the allocation, disbursement, and expenditure of federal funds to Guam, including but not limited to the American Rescue Plan Act ("ARPA") Section 802 of which created the Coronavirus State and Local Fiscal Recovery Fund ("SLFRF") and the implementing regulations contained in 31 CFR Part 35 and interpreted in 87 FR 4338-01, 2022 WL 226995(F.R.) and 88 FR 64986-01, 2023 WL 6122820(F.R.), 2 C.F.R. Subt. A, Ch. II, Pt. 200, including, but not limited to, 2 CFR §§ 200.317 – 200.320 and 200.327 which implement 31 U.S.C. 503; 31 U.S.C. 6101–6106; 31 U.S.C. 6307; and 31 U.S.C. 7501–7507, as well as other provisions published in the Federal Register and contained in other regulations published in the Code of Federal Regulations.

2.　　In addition, there exists a controversy as existing between the Plaintiffs and the Defendants regarding the execution of, implementation of, and compliance with various laws of Guam which relate to various duties and responsibilities of the Defendants, as more fully explained herein.  This Court has jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1367.

3.　　Plaintiff Government of Guam is a duly-created and empowered entity of the U.S. Congress under the 1950 Organic Act of Guam.

Page 2 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 2 of 21

4. Plaintiff Attorney General of Guam is a duly-created and empowered entity of the U.S. Congress to be the legal representative of the Government of Guam under the 1950 Organic Act of Guam

.

## FACTUAL ALLEGATIONS

5. The federal government, pursuant to ARPA. has allocated the Government of Guam over five hundred million dollars ($500,000,000) under SLFRF (hereinafter "ARPA/SLFRF funds").

6. The Government of Guam has created in the Guam treasury either an American Recovery Plan Act account, a State and Local Fiscal Recovery Fund account, or another account or accounts ("ARPA/SLFRF account" or "SLFRF account") which holds ARPA/SLFRF funds.

7. It its May 28, 2024 meeting, GHURA "accepted" a loan from the Governor for up to $10 million for "community development projects." At a November 26 meeting GHURA accepted additional loan proceeds of $2.5 million for the same purpose. Upon information and belief, some or all of this $12.5 million originated from ARPA/SFLRF funds.

8. The Government of Guam, as a recipient or grantee, must comply with all requirements for the expenditure of ARPA/SLFRF monies.

9. If the Governor allocated ARPA/SLFRF money to GHURA, GHURA would be considered a subgrantee or subrecipient, required to comply with all requirements for the expenditure of ARPA/SLFRF monies.

10. Upon information and belief, GHURA has borrowed $3.5 million to purchase a vacant piece of land, identified as Lot 5280-3 in the Municipality of Mangilao, as further

Page 3 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 3 of 21

1   identified in the Map of Lot 5280, recorded in the Department of Land Management on August

2   30, 2013 under Instrument NO. 855890 (hereinafter, the "Catalina Estate").

3        11.     Upon information and belief, GHURA will construct a hospital on the land or will

4   transfer the land to another agency or part of the Guam executive branch ("Guam Agency") in

5   order for that Guam Agency to construct a hospital.

6        12.     In an effort to obtain more information regarding this loan and the purchase of the

7   land, the Office of the Attorney General made a public records request (a Guam FOIA request)

8   to GHURA and to the Governor's Office concerning the land and the loan.  The requests to

9   GHURA included:

10          All documentation regarding funding, financing, borrowing from any source for
            the purchase of [the vacant property noted above] by GHURA, including but not
11          limitation, loan agreements or agreements to provide lines of credit.
            All documentation regarding GHURA's plans for [the vacant property noted
12          above] following its acquisition by GHURA, including but not limited to any plans,
            reports, analysis, of budgets GHURA has prepared to determine that [the vacant
13          property noted above] is an appropriate parcel of land on which to construct a hospital.

14       13.     The FOIA request includes requests for any documents related to pre-purchase

15   due diligence of almost any kind.  A copy of the full public records request is attached as

16   Exhibit 1, with GHURA's response attached as Exhibit 2.

17       14.     According to GHURA's responses, GHURA has no documents that could

18   demonstrate that it has borrowed money from anyone, including from the SLFRF funds

19   controlled by the Governor.

20

21

22

23

24

Page 4 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.
Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 4 of 21

**COUNT I**
**Violation of Organic Act**
**Expenditure without Legislative Appropriation**

15.     Plaintiffs re-allege and incorporate herein the paragraphs above.

16.     Plaintiffs bring this *Complaint* for a writ of mandamus and request for injunctive stay to prohibit defendant, Lourdes "Lou" Leon Guererro, named in her capacity as Governor of the Territory of Guam, and all state officials under her control, as well as Defendant, GHURA, from transferring, encumbering, committing, expending or appropriating any additional funds out of the state American Recovery Plan Act account in the state treasury, the State and Local Fiscal Recovery Fund account in the state treasury ("ARPA/SLFRF account" or "SLFRF account"), or any other account which holds ARPA or SLFRF funds (or funds borrowed or originated from such funds) for the purposes of obtaining any land or other property via purchase or condemnation absent express legislative authorization and appropriation.

17.     This case presents an Organic Act question of generational importance. Absent a stay and writ of mandamus by this Court, the Governor will continue to unlawfully spend funds from the ARPA/SLFRF account in violation of the separation of powers doctrine enshrined in the Congressionally-adopted Organic Act and in violation of the Legislature's power to appropriate public money granted to the state by the federal government. In addition to the request for mandamus, Petitioner asks the Court to enter a stay prohibiting the Governor and State Treasurer from transferring, encumbering, committing, expending or appropriating any additional funds out of the ARPA account(s) pending a determination on this *Complaint*.

18.     This proceeding implicates fundamental constitutional questions of great public importance, including the separation of powers, the balance of powers, and the Legislature's power to appropriate federal grant funds. Furthermore, an early and expeditious resolution of

Page 5 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 5 of 21

these constitutional questions is in the public interest as the answers will determine which branch of government, Executive or Legislative, has the authority to appropriate over a billion dollars in public money. This case also presents pure questions of law that do not require any additional factual development.

19. Plaintiffs have standing to bring this action and request for stay because it involves matters of great public importance.

20. Plaintiffs assert that the Governor has exercised the Legislature's appropriations authority unlawfully with respect to these ARPA funds, and that the Governor will continue to do so unless enjoined by this Court. This assertion presents issues of fundamental importance to the Government and People of Guam as well as the fundamental question as to whether the Governor has the power and authority to ignore the express requirements of the Organic Act.

21. The amount of federal grant funds implicated by this action underscores the practical importance that these Organic Act questions have to the people of Guam and to the government of Guam created by Congress. As of the date of the filing of this *Complaint*, approximately $100 million dollars in ARPA funds remain on deposit in the Guam treasury.

22. Plaintiffs do not ask the Court to order that all the funds already appropriated by the Governor be returned to the ARPA account in the state treasury. Rather, Plaintiffs only asks the Court to enter an order prohibiting the Governor from transferring any additional funds out of the state's ARPA account to GHURA for any purposes, in particular for any purpose related to obtaining any real property, via purchase or condemnation or otherwise.

23. Plaintiffs ask the Court to rebalance the scales of power, impose the separation of powers required by Congress in the Organic Act, and protect the Legislature's important yet fragile power over the purse-strings of Guam's government.

Page 6 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029 Document 1 Filed 12/20/24 Page 6 of 21

24.     The Attorney General has standing to ensure compliance with the Organic Act by officers and employees of the Government of Guam.

## COUNT II
## Violation of ARPA/SLFRF

25.     Plaintiffs re-allege and incorporate herein the paragraphs above.

26.     In January of 2022, the Secretary of Treasury adopted the Final Rule "implement[ing] the Coronavirus State Fiscal Recovery Fund and the Coronavirus Local Fiscal Recovery Fund established under the American Rescue Plan Act."  Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01.

27.     The Final Rule notes that "All recipients must also comply with three general restrictions."  The third is a reminder, that "recipients should be aware that federal, state, and local laws and regulations, outside of SLFRF program requirements, also apply, including for example, environmental laws and federal civil rights and nondiscrimination requirements, which include prohibitions on discrimination on the basis of race, color, national origin, sex (including sexual orientation and gender identity), religion, disability, age, or familial status (having children under the age of 18)." Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01.

28.     The Rule contains a further explication of the requirement to follow law, including local law:  Environmental, Uniform Guidance, and Other Generally Applicable Requirements.

29.     In its explanation of the Final Rule, Treasury cautioned: "[A]s is the case with all projects using SLFRF funds, all projects must comply with applicable federal, state, and local law. In the case of capital expenditures in particular, this includes environmental and permitting laws and regulations. Likewise, as with all capital expenditure projects using the SLFRF funds,

Page 7 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 7 of 21

projects must be completed in a manner that is technically sound, meaning that it must meet design and construction methods and use materials that are approved, codified, recognized, fall under standard or acceptable levels of practice, or otherwise are determined to be generally acceptable by the design and construction industry."

30.     Further, as with all other uses of funds under the SLFRF program, the Uniform Guidance at 2 CFR part 200 applies to capital expenditures unless stated otherwise. Importantly, this includes 2 CFR part 200 Subpart D on post-federal award requirements, including property standards pertaining to insurance coverage, real property, and equipment; procurement standards; sub-recipient monitoring and management; and record retention and access. Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01.

31.     The Rule requires any recipient of funds to ensure compliance with the SLFRF regulations, stating, with regard to a subrecipient (in this case GHURA):

32.     For funds transferred to a subrecipient, the interim final rule noted that "[r]ecipients continue to be responsible for monitoring and overseeing the subrecipient's use of SLFRF funds and other activities related to the award to ensure that the subrecipient complies with the statutory and regulatory requirements and the terms and conditions of the award. Recipients also remain responsible for reporting to Treasury on their subrecipients' use of payments from the SLFRF funds for the duration of the award."  Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01.

33.     The Treasury Department also relies upon the requirements for expenditure of federal funds adopted by the Office of Management and Budget and incorporated into Title 2 of the Code of Federal Regulations, often referred to as the Uniform Guidance:

Page 8 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 8 of 21

The Uniform Guidance definitions for subaward and subrecipient inform Treasury's distinction between subrecipients and beneficiaries.

First, per 2 CFR 200.1 of Uniform Guidance "[s]ubaward means an award provided by a pass-through entity [FN256] to a subrecipient for the subrecipient to carry out part of a Federal award received by the pass-through entity. It does not include payments to a contractor or payments to an individual that is a beneficiary of a Federal program. A subaward may be provided through any form of legal agreement, including an agreement that the pass-through entity considers a contract."

Further, 2 CFR 200.1 of the Uniform Guidance defines a subrecipient, in that "[s]ubrecipient means an entity, usually but not limited to non-Federal entities, that receives a subaward from a pass-through entity to carry out part of a Federal award; but does not include an individual that is a beneficiary of such award. A subrecipient may also be a recipient of other Federal awards directly from a Federal awarding agency." Treasury is aligning the definition of subrecipient in the final rule with the definition of subrecipient in the Uniform Guidance.

34. Treasury maintains the monitoring and subrecipient reporting requirements outlined in the final rule. Per 2 CFR 200.101 (b)(2) of the Uniform Guidance, the terms and conditions of federal awards flow down to subawards to subrecipients. Therefore, non-federal entities, as defined in the Uniform Guidance, must comply with the applicable requirements in the Uniform Guidance regardless of whether the non-federal entity is a recipient or subrecipient of a federal award. This includes requirements such as the treatment of eligible uses of funds, procurement, and reporting requirements. Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01.

35. The Rule provides a final reminder:

"Lastly, recipients should also be cognizant that federal, state, and local laws and regulations, outside of SLFRF program requirements, may apply. Recipients may not use revenue loss funds, for instance, to violate other background laws that limit the scope of activities that may be conducted as "government services," including other state and federal laws. State and local procurement, contracting, and conflicts-of-interest laws and regulations may include applicable requirements, including, for example, required procurement processes for contractor selection or competitive price setting. Furthermore, recipients are also required to comply with other federal, state, and local background laws, including environmental laws and federal civil rights and nondiscrimination requirements, which include prohibitions on discrimination on the basis of race, color, national origin, sex, (including sexual orientation and gender identity), religion, disability, or age, or familial status (having children under the age of 18)."

Page 9 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 9 of 21

Coronavirus State and Local Fiscal Recovery Funds, 87 FR 4338-01 (emphasis added).

## COUNT III
## Violation of ARPA/SLFRF
## Failure to Maintain Required Records

36.    Plaintiffs re-allege and incorporate herein the paragraphs above.

37.    GHURA claims it has no records that could be used to ensure compliance with SLFRF requirements, and that it has no records that the Governor's Office has indicated that it will engage in any oversight of GHURA's use of funds.  Most obvious, is that GHURA claims to have no records of compliance with any sort of procurement process required by Title 2 of the Code of Federal Regulations.   See **Exhibit 2.**

38.    The Governor's failure to deliver written documentation, signed by GHURA, requiring GHURA to comply with ARPA/SLFRF requirements, violates the requirements of ARPA/SLFRF.

## COUNT IV
## Violation of ARPA/SLFRF
## Failure to Do an Environmental Assessment

39.    Plaintiffs re-allege and incorporate herein the paragraphs above.

40.    GHURA claims it has no records that could be used to ensure compliance with SLFRF requirements, and that it has no records that the Governor's Office has indicated that it will engage in any oversight of GHURA's use of funds.  Most obvious, is that GHURA claims to have no records of compliance with any sort of procurement process required by Title 2 of the Code of Federal Regulations.  See Exhibit 2.

Page 10 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 10 of 21

41.     Federal regulations allow the Government of Guam to expend 30% of the amount allocated to it under the SLFRF on projects authorized under Title 1 of the Community Development Block Grants.

42.     Eligible Title 1 projects include 1) acquisition of certain real property for a public purpose, subject to certain limitations, and 2) acquisition, construction, reconstruction, rehabilitation, or installation of public facilities and improvements, clearance and remediation activities.

43.     "Obligation of funds" within the meaning of the State and Local Fiscal Recovery Funds, means, *inter alia,* the granting of a subgrantee a line of credit.

44.     A grantee of funds under the SLFRF, in this case the Government of Guam, may not obligate funds <u>until</u> project-level approval and certification requirements environment reviews are satisfied.

45.     On information and belief, and based on GHURA's FOIA records response, neither the environmental reviews, nor project-level approval and certification requirements consequent there to, were completed prior to the Government of Guam granting GHURA the line of credit.

## COUNT V
### Violation of ARPA/SLFRF
### Failure to Comply with Local Law
### GHURA Condemnation Procedure

46.     Plaintiffs re-allege and incorporate herein the paragraphs above.

47.     GHURA may take land to build housing or to fulfill an "*Urban Renewal Plan.*" 12 GCA § 5104(n).

Page 11 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 11 of 21

48.     The statutory purpose of an "*Urban Renewal Plan*" is to enhance and improve the health, safety and welfare of the people of Guam by removing unsafe physical conditions and enhancing and improving the conditions that remain. 12 GCA § 5110(a).

49.     Raw and undeveloped land, or land that sits undisturbed for decades, cannot satisfy the definition of a slum or blighted area which is the focus of a "*Urban Renewal Plan*," to improve or re-develop an existing developed area.

50.     Guam law allows GHURA to take undeveloped (raw) land for one public use, i.e., for housing, provided they comply with Guam law (12 GCA § 5130).

51.     On information and belief, GHURA failed to comply with sending the Guam Legislature the reports for land they propose to develop for housing for the condemnation identified in this complaint. On information and belief, because they have not complied with their pre-condemnation requirements, they lack the legal authority to take these lands via condemnation.

52.     Guam seeks to condemn raw land, adjacent to, or near, the real property it has purchased, as previously alleged.

53.     In its Resolution approving the condemnation of this land, GHURA determined that "*reasonable consistency*" to the 2022 Guam Medical Campus Master Plan (the "Master Plan) was adequate legal justification for taking these properties.

54.     Acquiring land that is reasonably consistent with the Master Plan is not within the allowable powers delegated to GHURA by the Guam Legislature.

55.     The Guam Legislature gave GHURA a wide array of powers to undertake two (2) basic duties. Duty number one was to undertake efforts to achieve the goal of "*decent housing*" in a "*suitable living environment*" for the People of Guam. 12 GCA § 5101(a). The

Page 12 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 12 of 21

1  Guam Legislature also tasked GHURA with "*rehabilitating*" slums and blighted areas.  *Id.* at

2  (d).

3      56.    The Master Plan does not contemplate the development of housing nor will the

4  condemnation be part of a plan to rehabilitate a "*slum*" or "*blighted area*."

5      57.    The Master Plan is not an Urban Renewal Plan as defined by Guam Statutes.

6      58.    The Legislature delegated and limited its authority of eminent domain to GHURA

7  only to remedy a slum or blighted area GHURA will adopt an Urban Renewal Plan and

8  undertake Urban Renewal Projects. 12 GCA § 5101(a).   Urban Renewal Plans must conform

9  to the master plan for Guam and be comprehensive in identifying the boundaries of the land

10 subject to the plan.  The Plan must identify which parcels are within the planning area of the

11 Plan, as well as the remedial Urban Renewal Projects that are part of the Plan.  *Id.* at (a)(14).

12 Urban Renewal Projects are undertakings "*for the elimination and for the prevention of the*

13 *development or spread of slums and blight . . ..*" *Id.* at (a)(12).

14     59.    Before making an Urban Renewal Plan GHURA has to determine that an area is

15 a "*slum*" or "*blighted area*" and is appropriate for urban renewal projects.  12 GCA § 5111(a).

16 Prior to adopting an Urban Renewal Plan, GHURA must consult with the Guam Land Use

17 Commission on the Agency's proposals. *Id.* at (a)(3).   A public hearing, with various legal

18 requirements, must take place prior to the Plan's adoption.  *Id.* at (c).  After GHURA adopts the

19 Plan, Guam law requires the Plan is sent to the Governor for review and approval.  *Id.* at

20 (e)(6).   Thereafter, with the Governor's consent, the Plan goes to the Guam Legislature for

21 review and approval.  *Id.* at (f).  Only after the Guam Legislature approves the Plan, then the

22 Governor then may authorize its implementation.  *Id.* at (g). All of the foregoing components of

23 adopting the Plan must be accomplished before GHURA may acquire any real estate for any

24 project.  *Id.* at (a).

Page 13 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 13 of 21

1       60.      GHURA seeks to utilize its power of eminent domain to acquire various lots in

2 accordance with a plan - the hospital Master Plan. This Master Plan does not meet the

3 requirements the Guam Legislature set forth for the plan GHURA was supposed to comply

4 with – an "Urban Renewal Plan." The Master Plan makes no designation of an area deemed a

5 "slum" or "blighted area." There were no public hearings or community input as to whether the

6 designated parcels constituted a "slum" or "blighted area." The Plan's development did not

7 take any input from the Guam Land Use Commission. There was no opportunity for the Guam

8 Legislature to review and consent to the Plan, nor was there an official authorization from the

9 Governor to move forward with the Plan's implementation. In fact, without clear public input a

10 "*plan*" to acquire a land and start a medical facility was hurriedly and surreptitiously made,

11 without any written documentation for legislative and public scrutiny. *Infra*.

12       61.      Upon information and belief, GHURA will use ARPA/SLFRF funds to pay the cost

13 of the condemnation.

14       62.      Unless and until GHURA complies with its statutory condemnation pre-requisites

15 use of ARPA/SFLRF funds to assist in paying the costs of condemnation will violate the

16 ARPA/SLFRF requirements to comply with local law.

17       63.      Even if GHURA does not use ARPA/SLFRF funds to pay for the condemnation of

18 properties as set forth herein, unless and until GHURA complies with its statutory

19 condemnation pre-requisites, condemnation must be prohibited, and if it is, GHURA will have

20 purchased vacant land for no apparent purpose.

21       64.      GHURA did not comply with Guam law in the acquisition of land via

22 condemnation and the condemnation must be prohibited.

23

24

Page 14 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 14 of 21

## COUNT VI
## Violation of ARPA/SLFRF
## Failure to Comply with Local Law
## Open Government Law

65.     Plaintiffs re-allege and incorporate herein the paragraphs above.

66.     GHURA violated Guam's Open Government Law in its consideration of entering into a loan agreement with the Governor's Office at their May 28, 2024 meeting and in acceptance of additional loan proceeds under the same loan agreement at their November 26, 2024 meeting.

67.     Guam adopted an Open Government Law to guarantee that "the public's business is conducted in a forum open to the public." *In re AB Won Pat International Airport Authority*, 2019 Guam 6 ¶ 35.

68.     An important part of open government is government's obligation to provide the public with notice of the day, time, location and agenda of meetings where a quorum of an agency's directors may be present and taking action on listed items.  Guam law requires that this notice "must be in sufficient detail to put the public on notice as to what is to be discussed." 5 GCA § 8107(d).

69.     Guam Courts have adopted a reasonableness standard to evaluate whether any particular notice is sufficient. *Joseph v. Guam Board of Allied Health Examiners*, 2015 Guam 4.  In *Joseph* the Supreme Court of Guam adopted a multi-factor test set forth by the Wisconsin Supreme Court in *Buswell v. Tomah*, to evaluate reasonableness.  *Id. at 18* citing *State ex rel. Buswell v. Tomah Area School District*, 732 NW2d 804 (Wis. 2007).

70.     The reasonableness of any particular notice will be evaluated on a case-by-case basis and will consider:

Page 15 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 15 of 21

The burden of providing more specific information on the body noticing the meeting,
Whether the subject is of particular public interest, and
Whether it involves non-routine action that the public would be unlikely to anticipate.

71. GHURA's May 28, 2024 meeting notice informed the public that its' board may consider a resolution authorizing GHURA to "accept" a loan for up to $10 million for "community development projects."

72. At the November 26 meeting GHURA considered whether to accept additional loan proceeds of $2.5 million for the same purpose.

73. Given the formalities GHURA is required to accomplish before it can undertake any project, at a minimum the notice should identify with some specificity the particular project to be considered. *See*, 12 GCA § 5111 for a description of the requirements GHURA must complete before initiating any project. These formalities are described in more detail in Count V, which allegations are incorporated by this reference.

74. The draft resolution provided to GHURA's board and made available to the public in advance of the May 28 meeting indicated that the terms of the loan are "*to be negotiated*."

75. The draft resolution provided to GHURA's board and made available to the public in advance of the November 26 meeting is silent on the terms and conditions of the additional funding.

76. If, at the time of each meeting, GHURA had more information regarding the purpose of the loans, particularly as those purposes related to the statutory purposes for which GHURA may expend money, then GHURA would have had no burden in publishing that information.

77. If, at the time of each meeting, GHURA had no information regarding the purpose of the loans, particularly including the fact that GHURA had no information regarding the purposes related to the statutory purposes for which GHURA may expend money, then

Page 16 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 16 of 21

1 GHURA would have had no burden in publishing that information, i.e., publishing the fact that

2 GHURA did not have any defined or designated purpose for borrowing the money.

3      78.    As to whether there is significant public interest in a matter under consideration,

4 there can be no dispute that the matter of a new hospital on Guam, where it will be located,

5 and how to pay for it is a matter of great public interest.

6      79.    If GHURA did not have such a defined or identified purpose, or any purpose at

7 all, there can be no dispute that such lack of purpose is a matter of great public interest.

8      80.    The third factor to evaluate the reasonableness of a notice is whether the subject

9 is routine or novel.

10      81.    As noted, GHURA has an extensive list of powers and duties, but those powers

11 and duties are limited to those "necessary and convenient to carry out and perform the

12 purposes and provisions of this Chapter . . .." 12 GCA § 5104, i.e., improving the housing

13 stock of Guam. 12 GCA § 5101(a). or eliminating or preventing slums and blighted areas, but

14 only pursuant to a properly adopted Urban Renewal Plan.

15      82.    On the other hand, the legislative purpose of the Guam Economic Development

16 Agency ("GEDA") specifically includes providing "the means necessary for the acquisition,

17 construction and provision of hospital facilities to serve the general public . . .." 12 GCA §

18 50103.

19      83.    As for GHURA borrowing money, if this borrowing is for a hospital, then this is a

20 new or novel undertaking, and that more specific notice should have been provided.

21 Alternatively, if this borrowing is for an undefined purpose, then this is a new or novel

22 undertaking, and that more specific notice should have been provided.

23

24

Page 17 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 17 of 21

84.     GHURA failed to satisfy the three (3) components of the Supreme Court of Guam's test for whether the meeting notices and associated additional materials provided by GHURA concerning the $10 million loan and the $2.5 million additional loan gave the public sufficient detail about these proposals.

85.     GHURA's failure to comply with FOIA is a violation of the ARPA/SLFRF funding requirement to comply with local law.

86.     This Honorable Court should void the borrowing until such time, if any, that GHURA approves the borrowing in a meeting properly noticed under Guam's FOIA.

### COUNT VII
### Violation of ARPA/SLFRF
### Failure to Comply with Local Law
### 5 GCA §§ 22601 and 22602

87.     Plaintiffs re-allege and incorporate herein the paragraphs above.

88.     The Governor purported to enter into at least two binding oral contracts with GHURA.

89.     Guam law reads as follows: "*All contracts shall, after approval of the Attorney General, be submitted to the Governor for his signature. All contracts of whatever nature shall be executed upon the approval of the Governor.*" 5 GCA § 22601.

90.     An oral contract cannot be reviewed, by necessity, violates 5 GCA § 22601.

91.     Title 5 GCA § 22602 reads as follows:

A copy of any contract under which a payment may be made shall be submitted to the Department of Administration for filing, recording and registration. The Director of Administration shall cause a register to be kept of all such contracts with subsequent amendments, which register shall be open and available for public inspection during normal working hours. Certified copies of such contract with subsequent amendments may be obtained after paying the fee therefor set out in of this Chapter. No such contracts or amendments thereto shall be deemed valid or enforceable until it shall have

Page 18 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 18 of 21

been so submitted to the Department of Administration and enrolled on the public register.

92.     The loan contracts between the Governor and GHURA as oral contracts cannot comply with, and therefore violate, 5 GCA § 22602.

93.     The loan contracts between the Governor and GHURA as oral contracts are void as they violate 5 GCA §§ 22601 and 22602.

94.     This Honorable Court should void these purported oral contracts between the Governor and GHURA.

## COUNT VIII
### Violation of ARPA/SLFRF
### Failure to Comply with Local Law
### GHURA's Lack of Authority

95.     Plaintiffs re-allege and incorporate herein the paragraphs above.

96.     The Guam Legislature has specifically granted to GEDA the authority and duty to acquire, construct, and provide for hospital facilities to serve the general public.

97.     The Guam Legislature has specifically provided that a department of the executive branch, not an Autonomous Agency, acquire, construct, and provide for hospital facilities to serve the general public.

98.     GEDA cannot transfer its powers and duties to an Autonomous Agency.

99.     GHURA, as an Autonomous Agency, has no authority or power to strip an executive branch department of powers and duties granted and imposed by the Legislature.

100.    The Governor has no authority to transfer powers and duties belonging to the Governor through direct oversight of the executive branch to an Autonomous Agency.

101.    GHURA has no authority to acquire, construct, and provide for hospital facilities.

Page 19 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 19 of 21

102.    Void are any actions taken by GHURA which relate to acquiring, constructing, or providing for hospital facilities.

## COUNT IX
### Violations of Guam Law

103.    Plaintiffs re-allege and incorporate the above paragraphs.

104.    Paragraphs 33 – 98 identify a variety of violations of Guam law, which violations invalidate the actions of the Governor and GHURA alleged above.

## RELIEF REQUESTED

Plaintiffs respectfully request the following relief from this Honorable Court:

1.    declare the actions complained above by the Governor and GHURA to be null and void, including invalidating the loans referenced herein from the Governor to GHURA; and

2.    issue temporary, preliminary and permanent injunctive relief to prohibit the Governor from using any ARPA/SLFRF without appropriation by the Legislature or unless pursuant to a pre-existing program for which the Guam Legislature has already appropriated funds;

3.    expressly prohibit GHURA from using or transferring the land it has purchased to date until authorized by the Legislature or unless consistent with its purposes as set forth herein; and

Page 20 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029    Document 1    Filed 12/20/24    Page 20 of 21

4.     such other and further relief as this Honorable Court determines is just and equitable.

Respectfully submitted this 20th day of December, 2024.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**JOSEPH A. GUTHRIE**
Chief Deputy Attorney General

## VERIFICATION

I, Douglas B. Moylan, in my official capacity as Attorney General of Guam, and on behalf of the Government of Guam, hereby declare that I am the Plaintiff Attorney General of Guam, and a duly authorized elected representative of Plaintiff Government of Guam in this above-entitled action; that I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief, and know the contents thereof; and that the same are true and correct to the best of my knowledge, information and belief, unless alleged otherwise.

I declare under the penalty of perjury, 6 GCA § 4308, under the laws of Guam, that the foregoing is true and correct.

Respectfully submitted this 20th day of December, 2024.

**DOUGLAS B. MOYLAN**
Attorney General of Guam

Page 21 of 21
*Verified Complaint for Declaratory and Injunctive Relief*
Civil Action No.

Case 1:24-cv-00029     Document 1     Filed 12/20/24     Page 21 of 21