LESLIE A. TRAVIS
leslie.travis@guam.gov
JEFFREY A. MOOTS
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Office: (671) 473-1118 | Fax: (671) 477-4826
*Attorneys for Defendant*
*Lourdes A. Leon Guerrero, Governor of Guam*

ELISEO M. FLORIG, JR.
emflorig@ghura.org
**GUAM HOUSING AND URBAN RENEWAL AUTHORITY**
117 Bien Venida Avenue,
Sinajana, Guam 96910
Office: (671) 477-9851 | Fax: (671) 300-7565
*Attorney for Defendant*
*Guam Housing and Urban Renewal Authority*

# IN THE UNITED STATES DISTRICT COURT
# TERRITORY OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM and DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam, <br><br> Plaintiffs, <br><br> v. <br><br> LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam and the GUAM HOUSING AND URBAN RENEWAL AUTHORITY, a Public Body Corporate and Politic, <br><br> Defendants. | CIVIL CASE NO. 24-00029 <br><br><br> **OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND** |

On August 19, 2025, Plaintiff Douglas B. Moylan, Attorney General of Guam ("AG Moylan"), pursuant to FRCP 6(B)(1)(A), filed a Motion for Extension of Time to File a Responsive Pleading to Defendants' Response in Opposition to Plaintiff's Motion to Amend ("Motion to Extend Time"). Mot. to Extend Time, ECF. No. 27. In his motion, AG Moylan claims that there is good cause for the requested fourteen (14) day extension, including (1) that the action is being heavily litigated and raises issues of great public importance that must be carefully scrutinized and researched; (2) that the assigned attorney to the matter is also litigating *Guam Power Authority v. Attorney General of Guam*, CV25-0029 and *Leon Guerrero v. Moylan*, CV25-0030; (3) that the Opposition to Plaintiff's Motion to Amend ("Opposition to Motion to Amend") contains 172 pages and requires careful and deliberate consideration, and the 14-day allotment of time to respond is insufficient; and (4) the Court has discretion to extend the time. *Id.* at 4. AG Moylan further claimed that the extension should be granted because Guam lacks sufficient attorneys and his office is understaffed despite his efforts to recruit. AG Moylan has filed a nearly identical motion in CV25-0030, his second request for accommodation in that matter.

Defendants Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Governor of Guam, and the Guam Housing and Urban Renewal Authority ("GHURA") oppose AG Moylan's motion.

First, AG Moylan's claim that Defendants' opposition to his motion to amend "contains 172 pages" is wildly exaggerated – excluding the tables, certificates and the signature page, the opposition contains 20 pages of actual argument, and references an additional 16 pages from prior briefs. AG Moylan's reference to additional pages appears to refer to the attachments to counsel's declaration, which is not argument.

Second, the strenuous schedule of counsel hardly constitutes good cause to extend time. Governor Leon Guerrero's legal office consists of two (2) attorneys, which have numerous

1

responsibilities, including filing briefs in the very same cases identified by AG Moylan. GHURA's legal office consists of a single attorney. However, an attorney's heavy workload is not good cause for an extension of time. "The Court begins with a simple truth that seems to be lost on counsel: attesting that an attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, it is cause for alarm." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022).

"[A]s a matter of federal common law, an attorney's failure to meet a filing deadline due to workload or inattention generally does not constitute good cause." *United States v. One 2007 Harley Davidson St. Glide Motorcycle*, VIN 1HD1KB4197Y722798, 982 F. Supp. 2d 634, 639 (D. Md. 2013) (citing *Cook v. Howard*, 484 Fed. Appx. 805, 818 (4th Cir. 2012)("'Good cause' would still require the Appellants to demonstrate, at bottom, that they had exercised diligence in obtaining the information but that they were nonetheless unable to comply with the scheduling order deadline."); *see also Pinero Schroeder v. Fed. Nat. Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.").

Third, while AG Moylan disagrees with the Governor's counsel's position that his circumstances do not constitute an emergency that would justify an extension, this position is not without support. "Absent unusual circumstances in which *unexpected* work obligations arise, it is not good cause for an extension of the case management deadlines in the scheduling order that attorneys were inattentive to the subject case while they were busy tending to other matters." *Williams*, 627 F. at 1179 (emphasis added). AG Moylan filed the Motion to Amend, presumably believing he had adequate basis to do so, supported by law. AG Moylan should have anticipated

2

two (2) separate oppositions to his motion, one for each defendant, a natural and ordinary consequence of filing a motion. If AG Moylan did not have the resources to litigate this matter, or the other matters that occupy his time, he should not have brought them before the Court. "When more business becomes concentrated in one firm than it can handle, it has two obvious remedies: to put on more legal help, or let some of the business go to offices which have time to attend to it. I doubt if any court should be a party to encouraging the accumulation of more business in one law office than it can attend to in due time." *Knickerbocker Printing Corp. v. United States*, 75 S. Ct. 212, 213, 99 L. Ed. 1292 (1954).

Fourth and finally, the Defendants have interest in the timely resolution of the motion to amend, and of this case more broadly. AG Moylan has filed or removed several cases in this Court, including this matter, attempting to disrupt the lawful obligation and expenditure of ARPA funds, which our island will lose the benefit of if not expended prior to the December 31, 2026 expenditure deadline. Having filed this action, AG Moylan now seeks to delay resolution of the case by seeking to add baseless claims, and consolidate this case with unrelated matters. AG Moylan cannot have his cake and eat it too. If he is unable to timely prosecute this matter, or reply to oppositions filed to motions *he* initiated, the remedy is for him to hire additional personnel or to more selectively allocate his existing resources.

For these reasons, Governor Leon Guerrero respectfully requests that the Court deny AG Moylan's Motion to Extend Time.

//

//

//

//

*Respectfully submitted* this 20th day of August, 2025.

     **OFFICE OF THE GOVERNOR OF GUAM**
      **Office of Legal Counsel**

By:   */s/ Leslie A. Travis*
    _____
    **LESLIE A. TRAVIS**
    *Attorneys for Plaintiff*
    *Lourdes A. Leon Guerrero,*
    *Governor of Guam*

# CERTIFICATE OF SERVICE

I certify that I have served opposing counsel by electronically filing the foregoing document with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

> Douglas B. Moylan
> Attorney General of Guam
> Office of the Attorney General of Guam
> 134 W. Soledad Avenue
> Ste. 802 Bank of Hawaii Building
> Hagåtña, Guam 96910
> (671) 475-2710
> dbmoylan@oagguam.org
>
> William Lyle Stamps
> Assistant Attorney General
> Office of the Attorney General of Guam
> Civil Division
> 134 W. Soledad Avenue, Ste. 302
> Hagåtña, Guam 96910
> (671) 475-2710
> lstamps@oagguam.org

*Respectfully submitted* this 20th day of August, 2025.

**OFFICE OF THE GOVERNOR OF GUAM**
**Office of Legal Counsel**

By: _/s/ Leslie A. Travis_
      **LESLIE A. TRAVIS**
      *Attorneys for Plaintiff*
      *Lourdes A. Leon Guerrero,*
      *Governor of Guam*