

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
**Civil Division**
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 ● USA
671-475-2710 (tel) ● 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM and DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam )<br><br>Plaintiffs, )<br><br>vs. )<br><br>LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam and the GUAM HOUSING AND URBAN RENEWAL AUTHORITY, a Public Body Corporate and Politic, )<br><br>Defendants. ) | Civil Case No. 1:24-cv-00029<br><br>**Attorney General of Guam's Reply to Joint Opposition to Motion to Consolidate and Memorandum of Law (F.R.C.P. 42)** |

Plaintiffs GOVERNMENT OF GUAM and ATTORNEY GENERAL OF GUAM

("Attorney General") hereby reply to Defendants LOURDES A. LEON GURRERO and

GUAM HOUSING AND URBAN RENEWAL AUTHORITY's Joint Opposition [ECF 26] to

Attorney General of Guam's Motion to Consolidate [ECF 21], and renew their request that this

Court properly consolidate the instant action with *Guam Power Authority v. Attorney General of*

*Guam*, District Court of Guam Case No. 1:25-CV-00029 pursuant to Rule 42(a) of the Federal

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **1** of 10
*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Rules of Civil Procedure ("FRCP") and CVLR 7(f), as both actions "*turn on substantial questions of federal law*" and "*implicate significant federal issues*" related to whether the Governor and GPA have each impermissibly and illegally obligated or expended funds under Congress' American Rescue Plan Act of 2021 (ARPA). *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. §§ 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the U.S. Congress' Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds, to plan, construct and develop the <u>same</u> Mangilao Medical Campus ("MMC') project, and as grounds therefore states:

## I.  INTRODUCTION

This Court should exercise its discretion under F.R.C.P. 42 and consolidate the instant action with *Guam Power Authority v. Attorney General of Guam*, District Court of Guam Case No. 1:25-CV-00029, as both actions involve common questions of law and fact related to whether the Governor and the Guam Power Authority ("GPA") have each impermissibly and illegally obligated or expended funds under Congress' American Rescue Plan Act of 2021 ("ARPA"). *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. §§ 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the U.S. Congress' Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds to plan, construct, and develop the <u>same</u> Mangilao Medical Campus ("MMC') project.

In the instant action, the Attorney General seeks to prohibit Defendants Governor of Guam, the Guam Housing and Urban Renewal Authority (respectively, "Governor" and

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **10**
*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 31    Filed 08/28/25    Page 2 of 10

"GHURA"), and "_all state officials under her control ... from transferring, encumbering, committing, expending or appropriating any additional funds out of the state American Recovery Plan Act account in the state treasury, the State and Local Fiscal Recovery Fund account in the state treasury ("ARPA/SLFRF account" or "SLFRF account"), or any other account which holds ARPA or SLFRF funds (or funds 11 borrowed or originated from such funds) for the purposes of obtaining any land or other property via purchase or condemnation absent express legislative authorization and appropriation_" on behalf of and to protect the Government of Guam, which is the Attorney General of Guam's client. (Emphasis supplied by counsel) [ECF No. 1, ¶ 16]. 48 U.S.C. § 1421g(d)(1). (_AG shall be Chief Legal Officer of the Govt. of Guam_).

The complaint[1] sets forth nine (9) counts alleging specific instances where the Governor and/or GHURA has or continues to violate the U.S. Congress' Organic Act of Guam[2] and ARPA/SLFRF by obligating and expending ARPA/SLFRF funds to develop the MMC project, a project that does not comply with the strict requirements of ARPA/SLFRF, thus placing the Government of Guam at risk of having the monies "_clawed back_" by the United States Treasury

---

[1] On July 22, 2025 the Attorney General filed a Motion to File an Amended Complaint seeking to add the CCU, GPA, Guam Waterworks Authority ("GWA"), and Guam Economic Development Authority ("GDA"), all of which it is alleged conspired and are improperly coordinating with the Governor to impermissibly and illegally obligate and/or expend Congress' ARPA/SLFRF funds for the MMC project. The Amended Complaint appended to the motion as Exhibit 1 alleges that each of these agencies have taken steps to obligate and/or expend Congress' ARPA/SLFRF funds to develop the MMC project since the filing of the original complaint on December 20, 2024. [ECF No. 20, 1]. This motion remains pending. On August 12, 2025 Defendants filed their Memorandum in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint and Attachments containing 172 pages [ECF 25, 25-1]. Earlier on that date, Magistrate Judge Bordallo granted Defendants' _Ex-Parte_ Motion for Leave to File Excess Pages in their response to Plaintiffs' Motion for Leave to File an Amended Complaint. [ECF 24]. On August 18, 2025 the Attorney General filed a timely Motion for Extension of Time to Respond to Memorandum in Opposition to Plaintiffs' Motion to File an Amended Complaint requesting up to and including September 9, 2025 to file the response. [ECF 27]. On August 21, 2025 General Magistrate Bordallo found no good cause and granted a three- day extension up to and including August 29, 2025. [ECF 30].

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

_Attorney General's Reply to Joint Opposition to Motion to Consolidate_
District Court of Guam Case No. CV24-00029

Department, and for this U.S. Territory and its People being responsible for that un-appropriated debt. *Note* 48 U.S.C. § 1423j (*Legislature of Guam power to appropriate and bind residents of the U.S. Territory of Guam*). It also constitutes a potential breach of the Separation of Powers as defined by Congress between the functions of the Governor of Guam and Legislature of Guam. *Id*. The Governor's obstinance in refusing to cure the many legal deficiencies in the implementation of the MMC project spawned court cases[3] currently pending in the Superior Court of Guam involving private entities challenging the condemnation (taking) of their real properties and, further, imperils the funds which remain at risk of being "*clawed back*" by the United States Treasury Department for failing to abide by the strict requirements of ARPA/SLFRF, to the detriment of the authority of the Legislature of Guam under the U.S. Congress' Organic Act of Guam to be the proper authority to obligate and appropriate monies for this U.S. Territory by the Government of Guam. 48 U.S.C. § 1423j.[4]

---

[2] 48 U.S.C. Ch. 8A, §§ 1421, *et. seq.*

[3] "The Governor obligated some $104.5 million in SLFRF funds to the establishment of a new Mangilao Medical Campus ("MMC") on three adjoining parcels of land, two acquired by condemnation, and the third purchased outright by the Guam Housing and Urban Renewal Authority (GHURA)." [Footnote 1] "These two parcels are currently the subject of an eminent domain lawsuit in *GHURA v. 169,975 Square Meters of Land*, Superior Court of Guam Case No. CV0692-24 (filed Dec. 18. 2024)." *Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* [ECF 4, Exhibit 1, p. 2].

[4] As the Joint Opposition points out, there remains pending a motion to dismiss filed by defendants [ECF 5], where defendants strenuously argue that this Court lacks jurisdiction. However, this Court clearly has jurisdiction and numerous Circuit Courts have already found jurisdiction on the basis of similar Organic Act challenges. *See Limtiaco v. Camacho*, 549 U.S. 483, 489 n. 2, 127 S. Ct. 1413, 1419, 167 L. Ed. 2d 212 (2007) (striking down Guam Supreme Court interpretation of the Organic Act because "the Organic Act is a federal statute, which we are bound to construe according to its terms," and the Supreme Court owes no deference to a territorial court's interpretation of an Organic Act absent a "purely local concern."). See also *IT & E Overseas, Inc. v. RCA Glob. Commc'ns, Inc.*, 747 F. Supp. 6, 13 (D.D.C. 1990) ("the Ninth Circuit—the Circuit that has jurisdiction over Guam—has consistently chosen to treat Guam as a federal entity."). *See also Dunston v. Mapp*, 672 F. App'x 213, 214 n.1. (3d Cir. 2016) ("the District Court had federal question jurisdiction over the interpretation of the [Virgin Islands] Revised Organic Act—a federal law—pursuant to 28 U.S.C. § 1331."); *Kendall v. Russell*, 572 F. 3d 126, 131 n. 4 (3d Cir. 2009) ("As the ROA is a federal statute, the District Court had federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331.")

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

In *Guam Power Authority v. Attorney General of Guam*, District Court of Guam Case No. 1:25-CV-00029, GPA seeks to remove the Attorney General from passing on the legality of procurements awarded to GPA and relating to the <u>same</u> MMC project, which the Attorney General opined were illegally sub-granted by the Inorganic Consolidated Commission on Utilities ("CCU"), whose creation and existence violates the U.S. Congress' Organic Act of Guam on the proper structure of this U.S. Territorial government. Specifically, their request to compel the Attorney General to appoint allegedly "conflict-free" counsel to review certain GPA procurements violates Congress' 1950 Organic Act of Guam in several respects (Title 48 USC Chapter 8A) in that the CCU impermissibly obligated and expended ARPA/SLFRF funds when it "*authorized GPA's GM to sign a subgrant agreement with GEDA [footnote omitted] $35,448,983.87 in SLFRF monies to provide funding for the installation of electrical power infrastructure project in Mangilao.*" [ECF 4, 4-1]. It also illegally removes a federal officer that Congress' required to serve as the Government of Guam's Chief Legal Officer to enforce Guam law and protect the Government of Guam from illegal and ruinous debt obligations, that the Legislature of Guam has not appropriated funds to cover in the event that the ARPA/SLFRF funds are "clawed back" by the federal government (Dept. of Treasury) as has been done in Massachusetts. *Note* 48 U.S.C. § 1421g(d)(1) (Attorney General of Guam Chief Legal Officer of Govt. of Guam); and 48 U.S.C. § 1423j (appropriation authority of Legislature of Guam).

GPA's request for the assignment of allegedly "conflict-free counsel" to replace the Attorney General, as the Chief Legal Officer of the Government of Guam under the U.S. Congress' Organic Act of Guam[5], who is tasked with reviewing, pursuant to 5 GCA § 5150, all MCC project procurements for form and legality directly relates to their disagreement with the

---

[5] *See* 48 U.S.C. § 1421g(d)(1). [ECF 7, 7-1].

*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Attorney General's legal opinion, which possesses unique statutory significance in Guam law, on the legality of the MMC project as structured. 5 GCA § 30107 (significance of Attorney General legal opinions). If GPA succeeds in the removal of the Attorney General of Guam, it eviscerates his exclusive role under Congress and the Legislature of Guam's structure of government for the duties of the Attorney General, in the review and approval of procurements over $500,000 under 5 GCA § 5150. *Note* 5 GCA § 30107 (*AG legal opinions*). It would also open a Pandora's Box for any agency to sue whenever it disagreed with an Attorney General's opinion on the legality of a proposed procurement. More specifically, it would circumvent the litigation in the instant action that concerns the obligating and expenditure of ARPA/SLFRF funds in furtherance of the same MCC project.

Both actions involve common questions of law or fact relating to the legality of the obligating and expenditure of Congress' ARPA/SLFRF funds to develop the same MMC project. The GPA action attempts to sidestep the serious illegality issues in the obligating and expenditure of ARPA/SLFRF funds for the MMC project specifically delineated in the instant case, which was filed on December 20, 2024, months **before** GPA recently filed its lawsuit on June 12, 2025. Clearly, GPA knew of these illegalities and chose to intentionally ignore them, creating the circumstances that would require a consolidation of these actions to avoid the possibility of inconsistent judgments in the use of the federal funds.

## II. ARGUMENT

The three points raised in Defendants' Opposition to Motion to Consolidate [ECF 26] fail to counter the indisputable fact both cases involve the same ARPA/SLFRF funds granted by the U.S. Congress which the Attorney General contends are being unlawfully obligated and expended in furtherance of the same MMC project.

**First**, Defendants' argument that consolidation is premature is a tacit admission that, in fact, both actions involve common questions of law and fact regarding the legality of the obligating and expenditure of the federal funds in furtherance of the <u>same</u> MCC project. After all, why consolidate at all if they do not involve common questions of law and fact? It also suggests prescience on the part of their counsel that this Court *will definitely* grant the motion to dismiss in the instant case and grant the motion to remand in the GPA case, each of which are currently being carefully, objectively and deliberately considered by this Court. Lastly, this argument "*open & notoriously*" invites the Court to impermissibly prejudge those decisions, which still await further briefing in other facets of those actions impacting those decisions. Instead, the Court must focus upon weighing the time and effort consolidation would bring to a just resolution of those actions, against the inconvenience and delay it would cause. *Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1994). Both of these actions are in the earliest stages of litigation and would benefit from a universal approach given the commonality of facts and law.

**Second**, Defendants argue that the Attorney General cannot demonstrate sufficient commonality in issues of law or fact. Defendants argue the two actions do not involve the same operative facts and law when in fact they each emanate from the improper obligating and expenditure of Congress' ARPA/SLFRF funds in furtherance of the <u>same</u> MMC project. Defendants' position enjoys no support in the record: (i) Both cases "turn on substantial questions of federal law" and "implicate significant federal issues" related to whether the Governor and GPA have each impermissibly and illegally obligated or expended funds under the American Rescue Plan Act of 2021 and the rules promulgated by the Coronavirus State and Local Fiscal Recovery Funds; (ii) Both cases relate to the planning, construction and

Case 1:24-cv-00029    Document 31    Filed 08/28/25    Page 7 of 10

development of the <u>same</u> MMC project; and (iii) Both cases involve the same fact witnesses at the Office of the Governor, GHURA, CCU, GPA and GWA regarding the planning, construction, and development of the <u>same</u> MMC project.

*Third*, Defendants argue that consolidation of these two (2) actions would cause undue delay, confusion and prejudice, yet they offer no declarations as to how the granting of the motion would outweigh the admittedly obvious interest to judicial convenience. This Court should resist Defendants' argument presuming that consolidation would cause undue delay, confusion and prejudice without actual proof adduced through proper declarations. Defendants focus on the differing causes of action to suggest that the GPA case may resolve ahead of the instant case. Given that the issue of the unlawful use of federal funds in furtherance of the MCC project forms the basis of the Attorney General's objections in each action, it is unlikely these two actions will be resolved in a piecemeal fashion but, assuming that one resolves ahead of the other, the US Supreme Court has held that such variance in resolution should not be an impediment to consolidation under FRCP 42. *See Hall v. Hall*, 584 U.S. 59, 138 S. Ct. 1118, 200 L. Ed. 2d 399 (2018) (*consolidated cases do not lose their independent nature under Federal Rule of Civil Procedure 42(a) and a losing party in one case may appeal even if other cases remain pending*.).

The Attorney General will not speculate on the remainder of Defendants' outlying argument; and logically recasts it thusly, that a consolidation of these actions would serve the highest interest of judicial convenience and efficient administration by ensuring that all matters relating to the obligating and expenditure of Congress' ARPA/SLFRF funds relating to the <u>same</u> MMC project be litigated in the same forum to prevent the possibility of inconsistent judgments.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **8** of **10**
*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 31    Filed 08/28/25    Page 8 of 10

### III. CONCLUSION

Based upon the foregoing facts and authorities, *supra*, and our previously filed Motion to Consolidate, Plaintiffs Government of Guam and Attorney General of Guam, respectfully request an Order consolidating *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-CV-00029 (Dec. 20, 2024) and *Guam Power Authority v. Attorney General of Guam*, D. Guam Case No. 1:24-CV-00029 (June 17, 2025).

**Respectfully submitted** this 28th day of August, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam


*W. Lyle Stamps*
_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **9** of **10**
*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 31    Filed 08/28/25    Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorney for Defendant
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov

**JEFFREY A. MOOTS**
Attorney for Defendant
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
jeffrey.moots@guam.gov

**ELISEO M. FLORIG, JR.**
Attorney for Defendant
Guam Housing and Urban Renewal Authority
117 Bien Venida Avenue
Sinajana, Guam 96910
Office: (671) 477-9851
Fax: (671) 300-7565
emflorig@ghura.org

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **10** of **10**
*Attorney General's Reply to Joint Opposition to Motion to Consolidate*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 31    Filed 08/28/25    Page 10 of 10