

**Douglas B. Moylan**
**Attorney General of Guam**
Office of the Attorney General
Civil Division
134 W. Soledad Avenue, Ste. 302
Hagåtña, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

Attorneys for the People of Guam

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM and DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam, <br><br> Plaintiffs, <br><br> vs. <br><br> LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam and the GUAM HOUSING AND URBAN RENEWAL AUTHORITY, A Public Body Corporate and Politic. <br><br> Defendants. | Civil Action No. 24-cv-00029 <br><br> **Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint** <br><br> **(F.R.C.P. 15(a)(2))** |

Plaintiffs Government of Guam and the Attorney General of Guam respectfully submit this reply brief in further support of their Motion for Leave to File an Amended Complaint [ECF 20] and in opposition to Defendants' Joint Opposition [ECF 25], and state as follow:

## I.     INTRODUCTION AND BACKGROUND

Since the filing of the Complaint on December 12, 2024 [ECF 1], Defendants sought to win the legal battle outside of the Court by filing harassing lawsuits against the Attorney General rather than waiting for this Honorable Court to rule upon the pending motion to dismiss

Page **1** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 32    Filed 08/29/25    Page 1 of 10

[ECF 5]. Defendants' actions prompted the filing of the Motion to file an Amended Complaint, in order to maintain the status quo and to conserve judicial and party resources, and to obtain resolution of the disputed issues in a single forum without competing and contradicting decisions from different courts [ECF 20].

## II. LEGAL AUTHORITY

F.R.C.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Similarly, F.R.C.P. 20(a)(2) provides that defendants may be joined in an action if "(A) any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The U.S. Supreme Court "has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R. Civ. P., by freely granting leave to amend when justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and *United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L. Ed.2d 8 (1960). *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality."). "Even if a complaint is deficient, we have repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (citations omitted). *See also DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 184 (9th Cir. 1987) ("This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 32    Filed 08/29/25    Page 2 of 10

Courts typically consider five defenses which *may* indicate that justice does not require an amended pleading: (1) bad faith by the moving party, (2) undue delay in seeking leave to amend, (3) prejudice to the opposing party, (4) futility of an amendment and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir.2004). Notably, while a court may deny a motion to amend if it determines that permitting amendment would be futile, the Ninth Circuit warned that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). Notably, this analysis requires a court to construe the factual allegations in the complaint in the light most favorable to the party seeking to amend. *Arizona All. for Cmty. Health Centers v. Arizona Health Care Cost Containment Sys.*, 47 F.4th 992, 998 (9th Cir. 2022). Similarly, while a court "may" consider futility, "[p]rejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs,* 833 F.2d at 186-87. Absent prejudice, or a strong showing of any of the remaining *Buckley* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.  LEGAL ARGUMENT

As an initial matter, the motion should be granted both because justice requires that the issues be determined on the merits and because the defendants' Joint Opposition is procedurally improper. Defendants filed a motion to dismiss in the guise of the "Joint Opposition," which

Page **3** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029   Document 32   Filed 08/29/25   Page 3 of 10

actively prejudices Plaintiffs' by divesting them of an adequate opportunity to respond.[1] Accordingly, Plaintiffs respond only to the limited scope of arguments that are properly before this Honorable Court on Plaintiffs' pending motion to amend. [ECF 20]. Plaintiffs properly filed a proposed amended complaint, which provides additional facts and pleadings not present in the initial complaint, and corrects some errors in the initial complaint. Defendants' objections are meritless and should be summarily rejected, or considered only after full briefing on a summary judgment motion, or at least through a fully briefed motion to dismiss. For example, Defendants repeatedly complain that the claims are futile and should be dismissed. However, such arguments, at this stage, ignore that all facts must be construed in favor of the plaintiff, and that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024).

Here, Defendants represented that all "subgranted funds were obligated prior to the federal deadline of December 31, 2025." ECF 25, Joint Opposition, ¶ 11. However, as Defendants are well aware, the deadline was December 31, 2024; <u>not</u> 2025. Such an error in pleading, of which Plaintiffs' initial complaint did in fact have some as well; is not grounds for dismissal on futility, but an example of how the amendment process is supposed to work, allowing the parties to "cure deficiencies by amendments previously allowed," in the pleadings. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] Pursuant to CVLR 7(c) and (f), Plaintiffs would normally have twenty-one (21) days to respond to a motion to dismiss and twenty-five (25) pages. Plaintiffs requested the normal fourteen (14) day extension [ECF 27], but opposing counsel objected and the Court provided a three (3) day extension [ECF 30] without the standard page increase which is given to all parties where Defendants' motion to exceed page limits had been granted pursuant to CVLR 7(d)(4) [ECF 24]. Notably, the time requested would have provided Plaintiffs with the standard twenty-one (21) day response time. An inequity of the Rules' application appears clear, prejudicing Plaintiffs.

Page **4** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029   Document 32   Filed 08/29/25   Page 4 of 10

First, Plaintiffs seek to amend the complaint in good faith. The proposed complaint[2] sets forth nine (9) counts alleging specific instances where the Governor and/or GHURA has or continues to violate the U.S. Congress' Organic Act of Guam[3] and ARPA/SLFRF by obligating and expending ARPA/SLFRF funds to develop the MMC project, a project that does not comply with the strict requirements of ARPA/SLFRF, thus placing the Government of Guam at risk of having the monies "*clawed back*" by the United States Treasury Department, and for this U.S. Territory and its People being responsible for that un-appropriated debt. *Note* 48 U.S.C. § 1423j (*Legislature of Guam power to appropriate and bind residents of the U.S. Territory of Guam*). It also constitutes a potential breach of the Separation of Powers as defined by Congress between the functions of the Governor of Guam and Legislature of Guam. *Id*. The Governor's obstinance in refusing to cure the many legal deficiencies in the implementation of the MMC project spawned court cases[4] currently pending in the Superior Court of Guam involving private entities challenging the condemnation (taking) of their real properties and, further, imperils the funds which remain at risk of being "*clawed back*" by the United States

---

[2] On July 22, 2025 the Attorney General filed a Motion to File an Amended Complaint seeking to add the CCU, GPA, Guam Waterworks Authority ("GWA"), and Guam Economic Development Authority ("GDA"), all of which it is alleged conspired and are improperly coordinating with the Governor to impermissibly and illegally obligate and/or expend Congress' ARPA/SLFRF funds for the MMC project. The Amended Complaint appended to the motion as Exhibit 1 alleges that each of these agencies have taken steps to obligate and/or expend Congress' ARPA/SLFRF funds to develop the MMC project since the filing of the original complaint on December 20, 2024. [ECF No. 20, 1]. This motion remains pending. On August 12, 2025 Defendants filed their Memorandum in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint and Attachments containing 172 pages [ECF 25, 25-1]. Earlier on that date, Magistrate Judge Bordallo granted Defendants' *Ex-Parte* Motion for Leave to File Excess Pages in their response to Plaintiffs' Motion for Leave to File an Amended Complaint. [ECF 24]. On August 18, 2025 the Attorney General filed a timely Motion for Extension of Time to Respond to Memorandum in Opposition to Plaintiffs' Motion to File an Amended Complaint requesting up to and including September 9, 2025 to file the response. [ECF 27]. On August 21, 2025 General Magistrate Bordallo found no good cause and granted only a three day extension up to and including August 29, 2025. [ECF 30].

[3] 48 U.S.C. Ch. 8A, §§ 1421, *et. seq*.

[4] "The Governor obligated some $104.5 million in SLFRF funds to the establishment of a new Mangilao Medical Campus ("MMC") on three adjoining parcels of land, two acquired by condemnation, and the third purchased outright by the Guam Housing and Urban Renewal Authority (GHURA)." [Footnote 1] "These two parcels are currently the subject of an eminent domain lawsuit in *GHURA v. 169,975 Square Meters of Land*, Superior Court of Guam Case No. CV0692-24 (filed Dec. 18. 2024)." *Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* [ECF 4, Exhibit 1, p. 2].

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **5** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 32    Filed 08/29/25    Page 5 of 10

Treasury Department for failing to abide by the strict requirements of ARPA/SLFRF, to the detriment of the authority of the Legislature of Guam under the U.S. Congress' Organic Act of Guam to be the proper authority to obligate and appropriate monies for this U.S. Territory by the Government of Guam. 48 U.S.C. § 1423j.[5] The U.S. Supreme Court has already intervened once when the Attorney General raised concerns over Inorganic acts by the Governor of Guam. *See Limtiaco v. Camacho*, 549 U.S. 483, 489 n. 2, 127 S. Ct. 1413, 1419, 167 L. Ed. 2d 212 (2007) (striking down Guam Supreme Court interpretation of the Organic Act because "the Organic Act is a federal statute, which we are bound to construe according to its terms," and the Supreme Court owes no deference to a territorial court's interpretation of an Organic Act absent a "purely local concern."). As the *Limtiaco* Court made clear, questions involving Guam's expenditures and the potential financial liability of the Government of Guam are federal questions that are not a purely local concern. *Id*.

Second, there has been no undue delay in the filing of the amended complaint. Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012). Amending complaints is a commonplace action, and takes place both before, and after, discovery. Notably, the Ninth Circuit has reversed a District Court judge who thought that filing an amended complaint five (5) years after the initial complaint was an undue delay. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("While it is true that the motion was made five years after the third

---

[5] As the Joint Opposition points out, there remains pending a motion to dismiss filed by Defendants [ECF 5], where Defendants strenuously argue that this Court lacks jurisdiction. However, this Court clearly has jurisdiction and at least two Circuit Courts have already found jurisdiction on the basis of similar Organic Act challenges. *See IT & E Overseas, Inc. v. RCA Glob. Commc'ns, Inc.*, 747 F. Supp. 6, 13 (D.D.C. 1990) ("the Ninth Circuit—the Circuit that has jurisdiction over Guam—has consistently chosen to treat Guam as a federal entity."). *See also Dunston v. Mapp,* 672 F. App'x 213, 214 n.1. (3d Cir. 2016) ("the District Court had federal question jurisdiction over the interpretation of the [Virgin Islands] Revised Organic Act—a federal law—pursuant to 28 U.S.C. § 1331."); *Kendall v. Russell*, 572 F. 3d 126, 131 n. 4 (3d Cir. 2009) ("As the ROA is a federal statute, the District Court had federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331.")

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029    Document 32    Filed 08/29/25    Page 6 of 10

party complaint had been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend."). Plaintiffs respectfully submit that the few months between filing of the complaint and the motion is not delay, let alone undue delay, and the motion should be granted.

Third, Defendants will suffer no prejudice, and in fact benefit, from having the dispute settled in a single forum. Plaintiffs could simply file separate lawsuits, and reserve the right to do so given Defendants' refusal to expedite the resolution of the disputed issues, further clogging the courts' dockets. Plaintiffs seek to move this matter forward and begin discovery, without which the Court cannot resolve the disputed legal matters.

Fourth, Plaintiffs' claims are not any more futile than any defenses which defendants may raise, until such time as the disputed issues of facts and law are determined by an appropriate court and finder of fact. To hold otherwise would improperly convert Plaintiffs' motion to amend into Defendants' motion to dismiss, or motions for summary judgment, and prejudice Plaintiffs due process rights. A careful examination of the cases cited by Defendants demonstrates that courts which deny the amendment of a complaint usually do so after discovery, or where the party proposing the complaint is *pro se*, or whether the dispute is so clearly one-sided that no evidentiary hearings are necessary. Unfortunately, the instant dispute is not so easily resolved.

Fifth, the complaint has not been amended to date. Accordingly, this factor weighs towards granting our motion.

Plaintiffs respectfully submit that the same transaction and occurrence, namely the legality of the construction of the MMC, and the threat of a lawsuit by the United States Treasury, is at the heart of both the instant lawsuit and the Writ of Mandate filed by GPA and

Page **7** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029     Document 32     Filed 08/29/25     Page 7 of 10

removed by the Attorney General to this Honorable Court. Common questions of law and fact common to all Defendants will arise in the instant lawsuit that would otherwise have to be decided separately. *See generally*, F.R.C.P. 20(a)(2)(A) and (B).

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an order granting Plaintiffs leave to file the proposed Amended Complaint.

**Respectfully submitted** this 29th day of August, 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **8** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029   Document 32   Filed 08/29/25   Page 8 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**LESLIE A. TRAVIS**
Attorney for Defendant
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
leslie.travis@guam.gov

**JEFFREY A. MOOTS**
Attorney for Defendant
Hon. Lourdes A. Leon Guerrero
Governor of Guam
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950
*Hagåtña*, Guam 96932
Office: (671) 473-1117
Fax: (671) 477-4826
jeffrey.moots@guam.gov

Page **9** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029   Document 32   Filed 08/29/25   Page 9 of 10

**ELISEO M. FLORIG, JR.**
Attorney for Defendant
Guam Housing and Urban Renewal Authority
117 Bien Venida Avenue
Sinajana, Guam 96910
Office: (671) 477-9851
Fax: (671) 300-7565
emflorig@ghura.org

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **10** of **10**
*Reply to Defendants' Opposition to Motion for Leave to File an Amended Complaint*
District Court of Guam Case No. CV24-00029

Case 1:24-cv-00029   Document 32   Filed 08/29/25   Page 10 of 10