# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM and DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam,<br><br>Plaintiffs,<br><br>v.<br><br>LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam, and GUAM HOUSING AND URBAN RENEWAL AUTHORITY, a Public Body Corporate Politic,<br><br>Defendants. | CIVIL CASE NO. 24-00029<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Hon. Michael J. Bordallo, United States Magistrate Judge (Dkt. No. 40), along with Plaintiff Douglas Moylan's objections to that report (Dkt. No. 55) and Defendants' joint response to those objections (Dkt. No. 61). The R&R followed Defendants' joint motion to strike and to dismiss (Dkt. No. 5), along with Plaintiffs' motions for leave to file an amended complaint (Dkt. No. 20) and to consolidate this with other matters (Dkt. Nos. 21, 35).

Judge Bordallo, through the R&R, recommends that the portion of Defendants' joint motion challenging this Court's subject matter jurisdiction (Dkt. No. 6 at 8–47) be granted pursuant to Rule 12(b)(1) and that Plaintiffs' motions for leave to amend (Dkt. No. 20) and to

ORDER
CIVIL CASE NO. 24-00029
PAGE - 1

consolidate (Dkt. Nos. 21, 35) be denied. (*See generally* Dkt. No. 40.) The R&R further recommends that, if this Court were to find that Plaintiffs adequately pled this Court's subject matter jurisdiction, that portion of Defendants' joint motion asking to strike the Government of Guam as a party should be granted, along with that portion seeking dismissal pursuant to Rule 12(b)(6). (*See* Dkt. No. 40 at 12, 15, 16, 21, 22.) Because, as described below, the Court finds that Plaintiff has raised no colorable objections to the portion of Judge Bordallo's R&R finding a lack of subject matter jurisdiction (and that further amendment would be futile), the Court declines to reach the parties' other motions and/or requests (as they are mooted by this incurable jurisdictional deficiency).[1]

To be clear, this Court only reviews those portions of an R&R to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This scheme enables the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). For an objection to be proper, it must point to specific error contained within the R&R. *See, e.g.*, *United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010); *Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020). General objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907, 916 (N.D. Cal. 2023).

Plaintiff, rather than raise specific objections to Judge Bordallo's analysis, (a) makes a variety of procedural arguments, (*see* Dkt. No. 55 at 9–10), and (b) then lodges non-specific substantive objections to the R&R and directs the Court to Plaintiffs' prior briefing in hopes that

---

[1] The Court notes that, had Plaintiff lodged specific substantive objections to Judge Bordallo's jurisdictional recommendation, this Court would have reached the same conclusion as Judge Bordallo—that Plaintiffs failed to plead subject matter jurisdiction and that this represents an incurable deficiency to further proceedings here. *See United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) (finding that the district court's wholesale adoption of an objected-to report and recommendation satisfied 18 U.S.C. § 636(b)).

ORDER
CIVIL CASE NO. 24-00029
PAGE - 2

the Court will ferret out deficiencies in Judge Bordallo's R&R. (*See* Dkt. No. 55 at 11, 12, 14) (directing the Court to the attached "Exhibit B"). None of these tactics are effective here. This is because, again, generalized objections do not trigger *de novo* review.[2] And without this, Plaintiff provides the Court no basis to decline to adopt Judge Bordallo's jurisdictional analysis (pursuant to Rule 72(b)(3)) or, for that matter, his conclusion (pursuant to Rule 72(a)) that further amendment would be futile.

Plaintiff's procedural objections are equally unavailing. First, despite Plaintiff's assertion otherwise, (*see* Dkt. No. 55 at 9), the R&R did not exceed the scope of Judge Bordallo's referral. He was tasked with "determin[ing] the appropriate issues for resolution before him or otherwise issue a report and recommendation . . . where necessary." (Dkt. No. 39.) This is exactly what he did. Second, Plaintiff's suggestion that a lack of oral argument on the underlying motions makes the R&R infirm, (*see* Dkt. No. 55 at 9), is equally unavailing. Plaintiffs did not lodge a proper request (in accordance with the local rules) for oral argument. *See* CVLR 7(i). Regardless, this is solely within the Court's discretion. *Id.*; *see also Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998) (oral argument is unnecessary when each party has a full opportunity to brief the issues). Third, while Plaintiff now contends that Judge Bordallo erred in not seeking jurisdictional discovery, (*see* Dkt. No. 55 at 10), it wasn't necessary. Defendants presented the Court with a *facial* jurisdictional challenge—not a *factual* one. (*See generally* Dkt. No. 5.) When this occurs, the Court must "[a]ccept the plaintiff's allegations as true and draw[] all reasonable inferences in the plaintiff's favor," and then determine whether they are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). Again, this is exactly what Judge Bordallo did. (*See generally* Dkt. No. 40.)

In sum, there is nothing to Plaintiff's procedural objections and in the absence of specific

---

[2] Nevertheless, this Court's jurisdictional conclusions would not depart from Judge Bordallo's. *See supra* n.1

ORDER
CIVIL CASE NO. 24-00029
PAGE - 3

substantive objections, Plaintiff presents the Court with no reason to depart from Judge Bordallo's jurisdictional recommendations. *See*, *e.g.*, *Philips v. Pitt Cnty. Meml. Hosp., Inc.*, 2024 WL 5132119, slip op. at 3 (D. Guam 2024) *aff'd*, 2025 WL 2860600 (9th Cir. 2025); *Guinard v. Shinn*, 2021 WL 4478396, slip op. at 4 (D. Ariz. 2021).

Accordingly, the Court ADOPTS the R&R's recommendations and ORDERS as follows:

1. Defendant's Rule 12(b)(1) motion to dismiss (Dkt. No. 5) (in part) is GRANTED.
2. Plaintiffs' motion for leave to file an amended complaint (Dkt. No. 20) is DENIED.
3. All remaining motions and requests (Dkt. No. 5) (in part) (Dkt. Nos. 21, 35) (in full) are DENIED as moot.

So DATED this 29th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 24-00029
PAGE - 4